IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KARRIE INDUSTRIAL CO., LTD,

    Plaintiff,

vs.                                                                                                                    Civ. No. 23-305 KK/SCY

YES LOGISTICS CORP.,

    Defendant.

## ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE

    This matter comes before the Court on Yes Logistics Corporation's Motion for Alternative Service to Serve Third Party Defendant Transportes T-SVM, filed January 31, 2024. Doc. 50. For the reasons set forth below, the Court grants this motion.

    As background, Plaintiff Karrie Industrial filed this lawsuit against Defendant Yes Logistics on November 29, 2022, in the United States District Court for the Southern District of New York, alleging that cargo was delivered by a shipper to Yes Logistics for transportation, but the truck which Yes Logistics used to transport the cargo overturned, causing damage to the cargo. Doc. 1; *see also* Doc. 33 (Joint Status Report). Yes Logistics, for its part, asserts that it retained a trucking company, Transportes T-SVM, to transport the cargo and is therefore entitled to be indemnified for any liability owed to Plaintiff Karrie Industrial. Doc. 33 at 3. After the case was transferred to the United States District Court for the District of New Mexico, Doc. 19, Yes Logistics filed a third-party complaint against Transportes T-SVM, Doc. 28.

    On June 6, 2023, the Court held its initial scheduling conference and, at the request of the parties, delayed entry of a scheduling order pending service on the Third-Party Defendant, Transportes T-SVM. Docs. 36, 37. Thereafter, Yes Logistics moved for an extension of the service deadline, explaining that Transportes T-SVM is a corporation based in Mexico and must

be served under international conventions. Doc. 40. Yes Logistics further explained that it engaged a company to assist with serving Transportes T-SVM under the Hague Convention, including translating certified court documents into Spanish. Doc. 42; *see also* Doc. 45 (second motion for extension of the service deadline). The Court extended the service deadline to October 19, 2023, and then again to January 17, 2024. Docs. 41, 47. On January 17, 2024, Yes Logistics filed its third motion for extension of the service deadline, explaining that the Mexican Central Authority received the request for service under the Hague Convention on November 3, 2023, but that there have been no updates from the Central Authority since that time. Doc. 48; *see also* Doc. 50 at 4 (explaining that service though the Mexican Central Authority can take up to eight months but that it has received no updates from the Central Authority regarding the status of service). As such, Yes Logistics requested an extension until January 31, 2024 to file a motion for alternative service, Doc. 48, which the Court granted, 49. The present motion for alternative service followed on January 31. Docs. 50, 51.

In the present motion, Yes Logistics requests leave to serve Transportes T-SVM by email, facsimile, and mail under Rule 4(f)(3). Doc. 50. Specifically, it seeks to serve Transportes T-SVM through its company email address, sergiovarela@t-svm.com, as listed on the USDOT website and truckingdatabase.com, *id.* at 4; by facsimile to (526) 566-2486 and (656) 624-8649, the numbers listed on the USDOT website, *id.* at 6; and by certified mail return receipt to 3254 Mansour Farah Street, El Paso, Texas, which is listed as Transportes T-SVM's mailing address on the USDOT website, *id.*

Under Rule 4(h), a foreign corporation, partnership, or other unincorporated association must be served "in any manner prescribed by Rule 4(f) for service on an individual." Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides three methods of service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>> (C) unless prohibited by the foreign country's law, by:
>>> . . .
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

The Ninth Circuit has held that these three sections do not create a hierarchy of preferred methods of service, and that "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (internal quotation marks and citation omitted); *see also id.* at 1016 ("[W]e hold that Rule 4(f)(3) is an equal means of effecting service of process under the Federal Rules of Civil Procedure, and we commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."). Indeed, "[a] district court is afforded 'wide discretion' to order service under Rule 4(f)(3) in order to enable the court to fit the manner of service to the facts and circumstances of a particular case." *BBK Tobacco & Foods, LLP v. Gooshelly*, 613 F. Supp. 3d 1012, 1014 (E.D. Mich. 2020).

Because Yes Logistics has already attempted service under Rule 4(f)(1), it now seeks Court permission for service under Rule 4(f)(3). Thus, the question presently before the Court is

whether Yes Logistics' other suggested means of service are prohibited by international agreement. Article 10 of the Hague Convention states that:

> Provided the State of destination does not object, the present Convention shall not interfere with -
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Convention Done at the Hague Nov. 15, 1965, art. X, Feb. 10, 1969, 20 U.S.T. 361.

Mexico, who is a signatory to the Hague Convention, "has lodged certain objections to alternative forms of service." *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1293 (10th Cir. 2020). Specifically, "Mexico declared in 1999 that '[i]n relation to Article 10, the United Mexican States are opposed to the direct service of documents through diplomatic or consular agents[1] to persons in Mexican territory' according to the procedures described in sub-paragraphs (a), (b), and (c), 'unless the Judicial Authority exceptionally grants the simplification different from the national regulations and provided that such a procedure does not contravene public law or violate individual guarantees.'" *Id.* (citing HCCH website, https://www.hcch.net/en/instruments/conventions/statustable/ notifications/?csid=412&disp=resdn (last visited July 17, 2020)).[2]

Nonetheless, in *Compania de Inversiones Mercantiles,* the Tenth Circuit rejected the argument that, because of Mexico's objections to Article 10, the Hague Service Convention does

---

[1] "The State Department website . . . interprets Mexico's objection to Article 10 as prohibiting service via postal channels on all persons, not just diplomatic or consular agents." *Mitchell v. Volkswagen Grp. of Am., Inc.*, 753 F. Supp. 2d 1264, 1270 (N.D. Ga. 2010).

[2] A permanent version of this link can be found at: https://perma.cc/V6ZT-XRE2

not authorize service methods beyond the use of Mexico's Central Authority. *Id.* at 1295 (approving, under Rule 4(f)(3), service on a Mexican company's American counsel). In doing so, the Tenth Circuit recognized that "numerous courts have authorized alternative service under Rule 4(f)(3). . . in cases involving countries [such as Mexico] that have objected to the alternative forms of service permitted under Article 10 of the Hague Convention," because the relevant question under Rule 4(f)(3) is not whether the Hague Convention affirmatively endorses service outside the central authority, but whether the alternative service method is specifically prohibited by the agreement or a country's objections. *Id.* at 1294-95 (internal quotation marks and citations omitted).

Although *Compania de Inversiones Mercantiles* did not decide whether Mexico's objections specifically prohibit service by email, *see id.* at 1295 n.5, and the Court is unaware of any controlling authority from the Tenth Circuit or United States Supreme Court that have addressed this precise question, other courts have held that "a country's objection to Article 10(a) [of service by postal channels] does not equate to an objection to email service." *The Neck Hammock, Inc v. Danezen.com*, No. 2:20-CV-287-DAK-DBP, 2020 WL 6364598, at *4 (D. Utah Oct. 29, 2020); *see also Rio Properties, Inc.*, 284 F.3d at 1017 (approving service by email as a "method of service most likely to reach" the defendant); *Jackson Lab'y v. Nanjing Univ.*, No. 1:17-CV-00363-GZS, 2018 WL 615667, at *4 (D. Me. Jan. 29, 2018) (collecting cases regarding service by email); *Digital Mktg. Corp. v. Manufacturas Post Form, S.A. de C.V.*, No. 220CV06223RGKAFMX, 2022 WL 2093000, at *2 (C.D. Cal. Feb. 23, 2022) ("Although Mexico has objected to service via postal channels, there is no indication that service via email is prohibited by the Hague Convention or any other international treaties."); *Fed. Trade Comm'n v. Repair All PC, LLC*, No. 1:17 CV 869, 2017 WL 2362946, at *4 (N.D. Ohio May 31, 2017)

("Numerous courts have held that a signatory country's objection to Article 10 is specifically limited to the means of service enumerated in Article 10.").

These courts, however, do not represent a unanimous viewpoint. Some courts have come out differently, concluding that "methods of service that are not specifically authorized [by the Hague Convention] are impermissible under the Convention," and that a country's objections to Article 10 (service by "postal channel") encompasses an objection to service by email. *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1393-95 (S.D.N.Y. 2022); *see also Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 414 (N.D. Tex. 2020) (collecting cases that find an objection to service by postal channels includes an objection to email service).

In deciding which line of cases to follow, the Court looks to see which line the Tenth Circuit stands in. As set forth above, in *Compania de Inversiones Mercantiles* the Tenth Circuit asked whether, under Rule 4(f)(3), the alternative service method is specifically prohibited (as opposed to specifically authorized) by the Hague Convention or a country's objections. 970 F.3d at 1294. Thus, although not on point, the Tenth Circuit's focus on whether a service method is specifically prohibited, combined with the fact that service by email is not specifically prohibited, indicates that the Tenth Circuit would favor the line of cases that have found service by email to be acceptable. Indeed, one of the cases the *Compania de Inversiones Mercantiles* Court favorably cites approves service by email, despite a country's objections. *See United States Sec. & Exch. Comm'n v. de Nicolas Gutierrez*, No. 17CV2086-JAH (JLB), 2020 WL 1307143, at *2 (S.D. Cal. Mar. 19, 2020). Thus, Tenth Circuit guidance indicates a preference toward the line of cases that have authorized service by email.

This is also true for service by facsimile. It is not specifically prohibited by the Hague Convention or a country's objections and so, Tenth Circuit guidance also favors cases that have authorized service by facsimile. *E.g., MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, No. 08 CV 2593, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) ("The Hague Convention does not prohibit service by e-mail or facsimile.").

Finally, the Court notes that, in addition to serving Transportes T-SVM internationally through email and facsimile, Yes Logistics proposes to serve Transportes T-SVM domestically, at Transportes T-SVM's Texas address. Such service "is completed in the United States and therefore does not trigger the Hague Convention." *Est. of Kirkland by & through Kirkland v. Hexaware Techs., Inc.*, No. CIV-19-411-RAW, 2020 WL 10505777, at *1 (E.D. Okla. May 22, 2020).

Accordingly, the Court finds that Yes Logistics' other suggested means of service are not prohibited by international agreement and are therefore appropriate under Rule 4(f)(3). And, given that Yes Logistics has received no further information from the Mexican Central Authority since its receipt of documents on November 3, 2023, the Court agrees that alternative service is the most practical and efficient way to proceed with this case. The three methods of service Yes Logistics proposes—using the email, facsimile, and mailing address on the USDOT website—comport with due process as they are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc.*, 284 F.3d at 1016–17, (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950) (Jackson, J.)).

**IT IS THEREFORE ORDERED** that Yes Logistics Corp.'s Motion for Alternative Service to Serve Third Party Defendant Transportes T-SVM (Doc. 50) is GRANTED. Yes

Logistics' deadline to serve Transportes T-SVM by these alternative methods is extended to April 1, 2024.

_____
Steven C. Yarbrough
United States Magistrate Judge